Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tsee Saechao*

# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSEE SAECHAO,<br><br>          Plaintiff,<br><br>    v.<br><br><br>PERSONIFY FINANCIAL,<br><br>          Defendant. | Case No.: 3:20-cv-06738<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Tsee Saechao ("Plaintiff"), by and through his attorneys, alleges the following against Defendant Personify Financial ("Personify" or "Defendant"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. 1331.

5.      Supplemental Jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## **PARTIES**

7.      Plaintiff is a natural person residing in Hercules, Contra Costa County, California.

8.      Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9.      Defendant is a "debt collector" as defined by  Cal. Civ. Code §1788.2(c).

10.     Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

11.     Defendant is a financial services company engaged in the business giving out personal loans. Defendant's principal place of business is located at 15373 Innovation Drive, Ste. 250, San Diego, CA 92128. Defendant can be served

through its registered agent, Corporation Service Company, located at 15 West South Temple, Suite 600, Salt Lake City, Utah 84101.

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Defendant is attempting to collect an alleged debt from Plaintiff.

14.    In or around July 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 1505.

15.    Defendant was calling Plaintiff primarily when he was at work.

16.    On or about July 15, 2020 at approximately 10:15 a.m., Plaintiff answered a call from Personify. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

17.    The representative indicated that Defendant was attempting to collect a debt.

18.    Plaintiff apologized and informed the representative that he could not make a payment because he was struggling financially.

19.     Plaintiff explained the financial hardship he was facing and informed the representative he was constantly being called while he was at work.

20.     Plaintiff informed Defendant that he works Monday through Friday, from 7 a.m. until 6 p.m. and requested that Defendant not call him during between those hours.

21.     Despite explaining his financial hardship and revoking consent to be contacted by telephone calls during his work hours, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone during his work hours.

22.     Between July 15 and August 31, 2020, Defendant called Plaintiff on his cellular phone approximately one hundred and twenty (120) times.

23.     All of the approximately one hundred and two (120) calls placed by Defendant to Plaintiff were placed during Plaintiff's work hours.

24.     Defendant went as far as calling Plaintiff on his cellular phone up to six (6) times in one day, all of which were during Plaintiff's work hours.

25.     Defendant was aware and had knowledge of Plaintiff's work hours.

26.     Defendant knew that it was inconvenient to call Plaintiff during his work hours because he expressly stated that any calls should be after his work hours.

27.     Defendant's conduct was done willfully and knowingly.

28.     Defendant was aware that Plaintiff had revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

29.     Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

30.     The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

31.     Further, the conduct was done with such frequency so as to harass Plaintiff and cause him great annoyance during his work hours.

32.     Plaintiff attempted to explain his situation and his work hours to Defendant in an attempt to get the calls to stop while he was at work, however, Defendant continued to lay siege on Plaintiff's cellular phone with automated debt collection calls only during his work hours.

33.     Defendant acted maliciously and subjected Plaintiff to oppression.

34.     Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

35.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

36.   Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a.   Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.   Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

37.   As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds

COMPLAINT AND DEMAND FOR JURY TRIAL

that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled

to an award of one thousand five hundred dollars ($1,500.00), for each and every

violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of CAL. CIV. CODE § 1788 *et seq*.)

38.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

39.     Defendant violated the RFDCPA. Defendant's violations include, but

are not limited to, the following:

a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a
   telephone to ring repeatedly or continuously to annoy the person
   called;

b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or
   attempting to collect a consumer debt without complying with the
   provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the
   United States Code (Fair Debt Collection Practices Act).

   i.   Defendant violated Cal. Civ. Code § 1788.17 by violating 15
        U.S.C. § 1692(c)(a)(1) by communicating with a consumer in
        connection with the collection of a debt at any unusual time or

place or a time or place known or which should be known to be inconvenient to the consumer;

ii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

iii.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

iv.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

40.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41.    Defendant was aware of Plaintiff's financial situation, that it was calling him during his work hours, and that he requested to be called only after work hours. Despite this, Defendant continued to call Plaintiff during his work hours in an attempt to harass him to pay the debt.

42.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Intrusion Upon Seclusion)

43.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

45.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

b. The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an

intrusion on Plaintiff's privacy and solitude.

    c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

    d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tsee Saechao, respectfully requests judgment be entered against Defendant Personify Financial, for the following:

    A.    Statutory damages pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

    B.    Declaratory judgment that Defendant violated the RFDCPA;

    C.    Statutory damages pursuant to Cal. Civ. Code §1788.30(b);

    D.    Actual damages pursuant to Cal. Civ. Code §1788.30;

    E.    Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c);

    F.    Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 28th day of September, 2020.

**PRICE LAW GROUP, APC**

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tsee Saechao*